IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01675-BNB

PABLO AGUIRRE,

    Plaintiff,

v.

GREELEY POLICE DEPARTMENT,
OFFICER TANYA GUTIERRES, and
JESUS ALFREDO MOLINA,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -2 2011

GREGORY C. LANGHAM
    CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff, Pablo Aguirre, is a prisoner in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Safford Federal Correctional Institution in Safford, Arizona. Mr. Aguirre, acting *pro se*, initiated this action by filing a Complaint alleging that his constitutional rights have been violated. The Complaint was deficient. Magistrate Judge Boyd N. Boland instructed Mr. Aguirre to cure the deficiency by filing his claims on a current Court-approved form used in filing prisoner complaints, which he did on July 22, 2011. Mr. Aguirre has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Aguirre is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Aguirre will be ordered to file an Amended Prisoner Complaint.

In the Complaint, Mr. Aguirre asserts two claims challenging the administrative forfeiture of his vehicle by the Greeley Police Department. He asserts that the Defendants failed to notify him of their intent to seize the vehicle, in violation of 18 U.S.C. § 981(b). He argues that Defendant Tanya Gutierres "acted unreasonably and failed to mail a notice to Aguirre's family remedies [sic] to take steps of civil claim of it's [sic] forfeit [sic] property." Complaint at 4. He further asserts that police informant Defendant Jesus Molina was allowed to drive the vehicle and that he used it to sell narcotics. *Id.* at 5. As relief, Mr. Aguirre requests damages.

The Court has reviewed the Prisoner Complaint and finds that it is deficient. Mr. Aguirre asserts his claims pursuant to 28 U.S.C. § 1331 and ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971). However, because he sues officials of the State of Colorado instead of federal officials, his claims are more properly asserted pursuant to 42 U.S.C. § 1983. ***See, e.g., Hartman v. Moore***, 547 U.S. 250, 254 n. 2 (2006) (noting that "a ***Bivens*** action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983).

In addition, Mr. Aguirre may not sue the Greeley Police Department because it is not an entity separate from the City of Greeley and, therefore, not a person under 42 U.S.C. § 1983. ***See Stump v. Gates***, 777 F. Supp. 808, 814-16 (D. Colo. 1991), ***aff'd***, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Greeley Police Department must be considered as asserted against the City of Greeley. In addition, municipalities and municipal entities, such as the City of Greeley, are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v.***

*City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Aguirre cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Aguirre also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation Mr. Aguirre must name and show how each named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Aguirre, therefore, will be directed to file an Amended Prisoner Complaint that clarifies who he is suing and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Aguirre to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

3

1163 (10th Cir. 2007). Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Aguirre file an Amended Prisoner Complaint that is in keeping with the instant Order and names the proper parties to the action. It is

FURTHER ORDERED that Mr. Aguirre shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Aguirre fails to file an Amended Prisoner Complaint within the time allowed the action will be dismissed without further notice.

DATED September 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01675-BNB

Pablo Aguirre
Reg. No. 10426-091
FCI Safford
PO Box 9000
Safford, AZ 85548

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk