IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01675-REB-MJW

PABLO AGUIRRE,

Plaintiff(s),

v.

CITY OF GREELEY,
GREELEY POLICE DEPARTMENT,
OFFICER TONYA GUTIERRES, and
JESUS ALFREDO MOLINA,

Defendant(s).

---

**RECOMMENDATION ON
DEFENDANTS CITY OF GREELEY, GREELEY POLICE DEPARTMENT AND
OFFICER TANYA GUTIERREZ'S MOTION TO DISMISS PLAINTIFF'S AMENDED
PRISONER COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)
(Docket No. 26)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on October 19, 2011 (Docket No. 17).

The original Complaint was dated June 21, 2011, and filed on June 27, 2011. The pro se incarcerated plaintiff, Pablo Aguirre, was twice ordered to amend his pleading to cure stated deficiencies (see Docket Nos. 3, 10). The operative pleading is the Amended Complaint filed on October 3, 2011 (Docket No. 11). It is not a model of clarity, but it appears to assert the following. Plaintiff was arrested on December 5,

2007, by the City of Greeley police for domestic violence. At that time when he was stopped by the officers, he was driving his "family vehicle 2000 Escalade." (Docket No. 11 at 3). Plaintiff called his brother the next morning to get the vehicle out of impound, but the car was not there. Plaintiff's girlfriend stated that defendant Jesus Alfredo Molina was driving the vehicle, driving around selling drugs. Defendants City of Greeley and Officer Tanya Gutierres did not follow administrative forfeiture procedures and instead just took the vehicle and gave it to Gutierres's informer (Molina) without consideration of the plaintiff's family needs. Plaintiff seeks compensatory and punitive damages and costs.

Now before the court for a report and recommendation is Defendants City of Greeley, Greeley Police Department and Officer Tanya Gutierrez's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 26). Plaintiff has not filed a response. The court has carefully considered the motion, the court's file, and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, – F.3d –, 2012 WL 364058, at *2 (10th Cir. Feb. 6, 2012). The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action,

4

which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, supra at *2 (quoting Iqbal, 129 S. Ct. at 1949)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Here, the moving defendants seek dismissal of the Amended Complaint because plaintiff's claims are time barred. "At the motion-to-dismiss stage, a complaint may be

5

dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff[] can prove no set of facts that toll the statute." Matthews v. Wiley, 744 F. Supp. 2d 1159, 1168 (D. Colo. 2010) (quoting Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005)). Plaintiff's § 1983 claims are governed by the two-year statute of limitations contained in § 13-80-102, C.R.S.; Workman v. Jordan, 32 F.3d 475, 482 (10th Cir. 1994); Merrigan v. Affiliated Bankshares of Colo., Inc., 775 F. Supp. 1408, 1411-12 (D. Colo. 1991). Federal law, rather than state law, determines when a federal claim accrues. The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action. Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006); Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994).

Plaintiff's claims here fall well outside the two-year limitations period. Plaintiff states that he was arrested on December 5, 2007 (defendants state it was on December 8, 2007), and that sometime shortly thereafter he was told by his girlfriend that she saw the family vehicle plaintiff had been driving at the time of his arrest subsequently being driven by defendant Molina. Any unlawful seizure or forfeiture claims based upon Molina allegedly taking or being given possession of the vehicle shortly after the plaintiff's arrest would have accrued at that time, when plaintiff knew or had reason to know that Molina had possession of the vehicle, which was well more than two years prior to the time plaintiff submitted his original Complaint. See Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 558 (10th Cir. 1999) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and

6

seizure, are presumed to have accrued when the actions actually occur."). See also Kripp v. Luton, 466 F.3d at 1175-76 (Plaintiff claimed that his true injury was not the seizure but the forfeiture of his property without due process and that his claim accrued not at the time of the seizure, but only later when the final forfeiture had occurred and he had been notified of the forfeiture. The court, however, found that the gravamen of plaintiff's search and seizure claim was that the state illegally seized his property, preventing him from using it. That claim accrued when the police seized his property during the search, a fact that plaintiff apparently learned of quickly.). Therefore, plaintiff's claims are time-barred absent tolling.

"Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." Garrett v. Arrowhead Imp. Ass'n, 826 P.2d 850, 855 (Colo. 1992). The issue of tolling is also governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." Braxton v. Zavaras, 614 F.3d 1156, 1161 (10th Cir. 2010). Here, plaintiff did not respond to the defendants' motion to dismiss and has not made any showing that the limitations period should be tolled. Therefore, the motion to dismiss should be granted.

The court notes that defendant Molina has not answered or otherwise responded

to the Amended Complaint.  A close review of the Process Receipt and return filed by the U.S. Marshal with respect to defendant Molina (Docket No. 20) shows that service was made upon an authorized agent for the Greeley Police Department.  The Amended Complaint itself, however, avers that Molina was merely a police informer, not an employee of the Police Department.  Therefore, the court finds that defendant Molina has not been properly served in this matter.  Nevertheless, it is recommended that the claims against Molina also be dismissed on timeliness grounds.  A court may *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations if it is clear from the face of the complaint that there are no meritorious tolling issues or the court has provided the plaintiff notice and an opportunity to be heard on the issue. Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009).  Here, plaintiff was put on notice of the limitations issue via the other defendants' motion, and had an opportunity to respond, but he failed to file a response.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants City of Greeley, Greeley Police Department and Officer Tanya Gutierrez's Motion to Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 26) be **granted** and the claims against the moving defendants be dismissed with prejudice because plaintiff's claims against them are time barred.  It is further

**RECOMMENDED** that the claims against defendant Molina also be dismissed with prejudice because they are likewise time barred.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

8

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: March 23, 2012                               s/ Michael J. Watanabe
       Denver, Colorado                      Michael J. Watanabe
                                               United States Magistrate Judge