**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01675-REB-MJW

PABLO AGUIRRE,

    Plaintiff,

v.

CITY OF GREELEY POLICE DEPARTMENT,
OFFICER TONYA GUTIERRES, and
JESUS ALFREDO MOLINA,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the magistrate judge's **Recommendation on Defendants City of Greeley, Greeley Police Department and Officer Tanya Gutierrez's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#28][1] filed March 23, 2012; and (2) plaintiff's **Objections to Magistrate's Recommendation on Defendants** [sic] **Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#31] filed May 14, 2012.  I overrule the objections, adopt the recommendation, and grant defendants' motion to dismiss.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw.  Even though plaintiff is a licensed attorney, in an abundance of caution because plaintiff is proceeding *pro se*, I have construed his

---

[1] "[#28]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 20 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit.[2] Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendations proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the magistrate judge's **Recommendation on Defendants City of Greeley, Greeley Police Department and Officer Tanya Gutierrez's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#28] filed March 23, 2012, is **APPROVED AND ADOPTED** as an order of this court

2. That the objections stated in plaintiff's **Objections to Magistrate's Recommendation on Defendants** [sic] **Motion To Dismiss Plaintiff's Amended Prisoner**

---

[2] Plaintiff's suggestion that the magistrate judge failed to liberally construe the facts pleaded in his Amended Complaint by not considering the procedural due process aspects of his claims misses the thrust of the magistrate judge's analysis. Even construed as a claim for lack of process, plaintiff's claim is time-barred, as the facts alleged in the Amended Complaint show clearly that he was aware of defendants' alleged failures to afford him due process at or near the time the car was impounded in late 2007, and thus well beyond the two-year statute of limitations.

Plaintiff also argues that the magistrate judge should have construed his complaint to assert a claim under the community caretaking doctrine, citing **United States v. Kornegay**, 885 F.2d 713 (10th Cir. 1989), **cert. denied**, 110 S.Ct. 2179 (1990). Of course, the requirement to liberally construe *pro se* pleadings does not encompass a duty to act as the plaintiff's advocate. **Hall**, 935 F.2d at 1110. Moreover, the caselaw on which plaintiff relies is inapposite. Those cases consider whether evidence secured during an inventory search of a vehicle should be suppressed when the arrest was not undertaken while the arrestee was in or near his vehicle. **Kornegay**, 885 F.2d at 716. No such issues are implicated by the allegations of the Amended Complaint.

**Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#31] filed May 14, 2012, are **OVERRULED**;

3.  That **Defendants City of Greeley, Greeley Police Department and Officer Tanya Gutierrez's Motion To Dismiss Plaintiff's Amended Prisoner Complaint Pursuant to Fed. R. Civ.P. 12(b)(6)** [#26] filed December 5, 2011, is **GRANTED**;

4.  That plaintiff's claims against all defendants are **DISMISSED WITH PREJUDICE**;

5.  That judgment **SHALL ENTER** on behalf of defendants city of Greeley Police Department, Officer Tanya Gutierres, and Jesus Alfredo Molina, against plaintiff Pablo Aguirre on all claims for relief and causes of action; provided, that the judgment shall be with prejudice; and

6.  That defendants are **AWARDED** their costs to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 11, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge